```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TERESA LARA BENAVIDEZ, MARIA DE LOURDES          :
GALVEZ, JAMIE HUERTA, FLORA ZURITA, MARIA
DE LOURDES VASCONEZ ALARCON, LABRARMY            :
GARCIA, and ESTEBAN NADER, on behalf of
themselves and all others similarly situated,    :
                                                 :
                    Plaintiffs,                  :
                                                 :
        -against-                                   MEMORANDUM AND ORDER
                                                 :
PIRAMIDES MAYAS INC., MAMA MEXICO                   09 Civ. 5076 (KNF)
MIDTOWN REALTY LLC, SHADDAI INC., MAMA           :
MEXICO ENGLEWOOD REALTY LLC, JUAN ROJAS
CAMPOS, and LAURA CHAVEZ,                        :

                    Defendants.                  :
------------------------------------------------------------------------X
GUILLERMO PAEZ, EMILIANO ESPINOZA, and           :
PEDRO NASARIO, on behalf of themselves and all others
similarly situated,                              :

                    Plaintiffs,                  :

        -against-                                :  09 Civ. 9574 (KNF)

PIRAMIDES MAYAS INC., MAMA MEXICO                :
MIDTOWN REALTY LLC, SHADDAI INC., MAMA
MEXICO ENGLEWOOD REALTY LLC, JUAN ROJAS
CAMPOS, and LAURA CHAVEZ,                        :

                    Defendants.                  :
------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

## PROCEDURAL HISTORY

The plaintiffs, current and former "front-of-the-house workers" (case No. 09 Civ. 5076) and "back-of-the house workers" (case No. 09 Civ. 9574) employed by "Mama Mexico restaurants," commenced these two related actions in 2009, alleging various violations of the

1

Fair Labor Standards Act ("FLSA") of 1938, 29 U.S.C. §§ 201-219, and state laws, by corporate employers Plaza Mexico, Inc. ("Plaza Mexico"), Piramides Mayas Inc. ("Piramides"), Mama Mexico Midtown Realty LLC ("Mama Mexico Midtown"), Shaddai Inc ("Shaddai"), Mama Mexico Englewood Realty LLC ("Mama Mexico Englewood") and their two officers, Juan Rojas Campos ("Campos") and Laura Chavez ("Chavez"). Thereafter, on December 24, 2009, defendant Plaza Mexico filed for Chapter 11 bankruptcy protection. The plaintiffs' subsequent motion to certify a class action conditionally pursuant to Rule 23 of the Federal Rules of Civil Procedure and for a collective action under the Fair Labor Standards Act was denied, without prejudice, as premature (Docket Entry No. 52).[1] The assigned district judge, directed the plaintiffs to file a motion to sever Plaza Mexico (Docket Entry No. 55). The plaintiffs' motion to sever Plaza Mexico, made pursuant to Rule 21 of the Federal Rules of Civil Procedure was granted, and the assigned district judge stated: "Plaintiffs have 20 days to amend their complaints, without prejudice to reinstating Plaza Mexico as a named defendant, depending on the outcome of the Bankruptcy Court proceedings." (Docket Entry No. 74). On October 6, 2010, the plaintiffs filed their amended complaints (case No. 09 Civ. 5076, Docket Entry No. 75; case No. 09 Civ. 9574, Docket Entry No. 31). The defendants filed their answer. Thereafter, the parties consented to jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

  On June 29, 2011, the magistrate judge authorized the FLSA collective action notice, pursuant to 28 U.S.C. § 216(b), informing any person employed by Mama Mexico restaurants as a server, busser, runner, bartender, cook or dishwasher, between May 29, 2006, and December

---

[1] The Court will refer to docket entry numbers in the case bearing docket number 09 Civ. 5076, unless otherwise indicated.

31, 2009, that if she or he wishes to join the lawsuits, her or his signed opt-in consent form must be postmarked by "90 days from mailing of the Notice." (Docket Entry No. 83). The notices to potential plaintiffs were mailed on August 5, 2011 (see Decl. of Rachel Bien ¶ 13, Docket Entry No. 43), making November 3, 2011, the last day to postmark signed opt-in consent forms to join the lawsuits.

On November 2, 2011, the magistrate judge granted a motion to withdraw as counsel to the defendants, stating:

> The corporate Defendant [sic] is hereby advised that it may not proceed pro se in this action. Accordingly, unless new counsel files a Notice of Appearance in this action by December 5, 2011, a default will be entered against the corporate Defendant [sic]. If Plaintiffs still wish to proceed with a summary judgment motion, it shall be filed by December 16, 2011.

(Docket Entry No. 100).

On December 16, 2011, the plaintiffs filed a motion for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil procedure, against Piramides, Shaddai and Campos. In their notice of motion, the plaintiffs sought a finding from the court and a concomitant order that: (1) Piramides, Shaddai and Campos "willfully failed to pay overtime, spread-of-hours pay, and statutory uniform maintenance payments, reimburse them for the cost of required uniforms, and give notice of the tip credit under Section 203(m) of the Fair Labor Standards Act"; (2) Campos is individually liable as the plaintiff's employer; and (3) Piramides, Shaddai, Mama Mexico Midtown and Mama Mexico Englewood "are in default for failing to comply with the Court's November 2, 2011 Order." (Docket Entry No. 107).

On February 15, 2012, the magistrate judge granted the plaintiffs' motion, finding, inter alia, that: (a) the "Defendants failed to pay overtime, spread-of-hours pay, and uniform-related

pay, including reimbursement for purchasing and maintaining uniforms"; (b) the "Defendants failed to inform Plaintiffs of the minimum wage laws, their relation to the tip credit, and of their intention to take a tip credit"; (c) the defendants' violations were willful; (d) the plaintiffs are entitled to liquidated damages under both FLSA and New York law; and (e) Campos is the plaintiffs' employer under FLSA. (Docket Entry No. 116). Although the magistrate judge noted in a footnote that, "with respect to the corporate Defendants, [the plaintiffs] contend that they are in default," he did not make any determination on that issue.

On May 9, 2012, the plaintiffs made a motion for an award of damages, attorneys' fees and costs against Piramides, Shaddai and Campos. (Docket Entry No. 120). Thereafter, the cases were reassigned to the undersigned. (Docket Entry No. 126). A damages inquest hearing was conducted on October 16 and 24, 2012.

On November 30, 2012, the plaintiffs requested that the Clerk of Court "enter the attached Certificate of Default against Defendants Piramides Mayas Inc., Mama Mexico Midtown Realty LLC, Shaddai Inc., and Mama Mexico Englewood Realty LLC." (Docket Entry No. 140). On the same day, the Clerk of Court entered the default of the "Corporate Defendants,"[2] based on their failure to engage counsel by December 5, 2011. (Docket Entry No. 142).

On March 6, 2013, the Court raised certain issues of concern with the plaintiffs, namely: (a) the liability of Mama Mexico Midtown, Mama Mexico Englewood and Chavez; (b) the exact number of opt-in plaintiffs; (c) the status of an opt-in plaintiff, Kevin Santa; and (d) the late opt-

---

[2] It appears, based on the plaintiffs' request, that the default against "Corporate Defendants" for failure to engage counsel by December 5, 2011, was entered against all corporate defendants, including Piramides and Shaddai.

in notices.

On March 13, 2013, the plaintiffs made a motion for judgment by default, pursuant to Rule 55 of the Federal Rules of Civil Procedure, against Mama Mexico Midtown and Mama Mexico Englewood (Docket Entry No. 143). On the same date, the plaintiffs submitted a letter to the Court, stating, inter alia that: (i) the "correct number of Plaintiffs is seventy-four"; (ii) the opt-in plaintiff Kevin Santa was reinstated after he was erroneously terminated; and (iii) opt-in consent notices for five plaintiffs should be deemed timely submitted; and (iv) although Juan Chino and Nestor Sanchez did not submit timely opt-in consent forms, the Court should exercise its discretion to extend their filing deadlines.

On March 19, 2013, the plaintiffs made a "Motion to Amend the Complaints to Reinstate Plaza Mexico, Inc. as a Defendant, . . . pursuant to Federal Rules of Civil Procedure 15(a)(2), 20(a)(2), and 21," because the Bankruptcy Court dismissed Plaza Mexico's petition on March 6, 2013. (Docket Entry No. 149). Thereafter, the plaintiffs made a motion to dismiss claims against Chavez, "pursuant to Federal Rules of Civil Procedure 21 and 41." (Docket Entry No. 156).

**REQUEST TO DEEM TIMELY LATE OPT-IN CONSENT FORMS**

The plaintiffs contend that the opt-in consent forms for Margarita Montiel ("Montiel"), Christian Vidals ("Vidals"), Jorge M. Ramon ("Ramon") and Cass Isles ("Isles") "were postmarked prior to November 3, 2011, and are therefore timely." They contend that the opt-in consent form by Tomas Lopez Guerra ("Lopez Guerra") was not postmarked but "was received by the Claims Administrator on November 3, 2011." According to the plaintiffs, the opt-in consent forms by Montiel, Vidals, Ramon, Isles and Lopez Guerra should be deemed timely. The plaintiffs contend that the opt-in consent forms by Juan Chino and Nestor Sanchez are

untimely and ask the Court to "exercise its discretion to extend their filing deadline," because these individuals' claims are timely and courts routinely allow plaintiffs who file late opt-in consent forms to participate in FLSA actions.

Margarita Montiel's opt-in consent form, filed on November 24, 2009, is timely. (Docket Entry No. 29). Christian Vidal's opt-in consent form, postmarked on November 1, 2011, is timely. (Docket Entry No. 105). Jorge M. Ramon's opt-in consent form, postmarked on October 31, 2011, is timely. (Docket Entry No. 103). Cass Isles's opt-in consent form, postmarked on November 3, 2011, is timely. (Docket Entry No. 104). Tomas Lopez Guerra's opt-in consent form, although lacking a postmark date, is timely because it was received by the Claims Administrator on November 3, 2011. (Docket Entry No. 103).

When determining whether late opt-in consent forms should be deemed timely in an FLSA action, courts consider factors such as: "(1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009). Juan Chino Vital's opt-in consent form was not postmarked or filed before the November 3, 2011 deadline, but was filed on November 30, 2011, and bears the Claims Administrator's stamp "Received Nov 21 2011 KCC." Nestor Jose Sanchez Solano's opt-in consent form was also not postmarked or filed before the November 3, 2011 deadline; it was filed on March 2, 2012. The plaintiffs did not provide good cause for the late filings, as they failed to explain why these two opt-in consent forms were not filed timely. Despite the fact that Nestor Jose Sanchez Solano's opt-in consent form was filed almost three months after the deadline, it does not appear that any prejudice will attend to the defendants from deeming these two opt-in consent forms timely, given that these two plaintiffs

represent only 2.7 percent of the 74 plaintiffs in these actions. Moreover, Juan Chino Vidal's and Nestor Jose Sanchez Solano's claims are timely and FLSA's remedial purposes, as well as judicial efficiency, favor deeming the two late opt-in consent forms timely in the instant circumstances. Accordingly, the Court deems timely, the opt-in consent forms of Juan Chino Vidal (Docket Entry No. 106) and Nestor Jose Sanchez Solano (Docket Entry No. 117). The Court finds that the 74 plaintiffs listed in Exhibit B to the plaintiffs' March 13, 2013 letter are the plaintiffs in the two FLSA collective actions.

The plaintiffs contend in their March 13, 2013 letter, that, upon review, they "determined that some of the individuals who filed consent forms did not have timely claims and/or worked in positions not covered by Plaintiffs' claims. Plaintiffs do not seek damages for those individuals." The plaintiffs failed to identify the persons who filed the opt-in consent forms but, according to the plaintiffs' review, do not qualify as plaintiffs because they are not similarly situated to the plaintiffs in these actions. Upon the Court's review of the opt-in consent forms filed in these actions, the Court finds that the following persons who filed opt-in consent forms are not included in the plaintiffs' request for damages, based on the plaintiffs' assessment that they are not similarly situated to the plaintiffs in the instant FLSA collective actions: (1) Jose Catalan (Docket Entry No. 81); (2) Darlene Lopez (Docket Entry No. 85); (3) Hadas Kahatti (Docket Entry No. 96); (4) Eleuterio Raymundo Gonzalez (Docket Entry No. 98); (5) Gregorio R. Vidals (Docket Entry No. 99); (6) Raina Elysee Vortrefflich (Docket Entry No. 114); and (7) Ariel Quinonez (Docket Entry No. 115). Accordingly, the Court finds that these seven individuals are not plaintiffs in the instant actions.

## MOTION TO AMEND THE COMPLAINT

The plaintiffs contend that the proposed amended complaints are not futile because the

allegations made in them "are sufficiently detailed to withstand a motion to dismiss – in fact, Plaintiffs have already obtained summary judgment against three of the other Defendants." According to the plaintiffs, they "have moved to amend promptly after receiving notice of the dismissal of Plaza Mexico's bankruptcy petition," and no evidence exists of bad faith or dilatory motive on their part in making the motion. Moreover, "Plaza Mexico will not be prejudiced by the amendment. Plaintiffs do not need to take any additional discovery from Plaza Mexico." The plaintiffs maintain that "it is more efficient and less burdensome for Plaintiffs to pursue their claims against Plaza Mexico in this case than it would be for Plaintiffs to file new actions." The plaintiffs contend that the proposed amendments "easily meet Rule 21's lenient joinder standard, which applies to motions to add parties under Rule 20(a)," because the claims against Plaza Mexico "are based on the same wage and hour policies that the Court held violated the FLSA and NYLL [New York Labor Law]. Plaza Mexico was already a Defendant in the litigation and was only severed because of the effect of the automatic stay."

***Legal Standard***

Once the time for amending the pleadings as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). "The burden to explain a delay is on the party that seeks leave to amend." MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d

956, 962 (2d Cir. 1998). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). In determining prejudice, courts consider whether the proposed new claims would: (i) "require the opponent to expend significant additional resources to conduct discovery and prepare for trial"; (ii) "significantly delay the resolution of the dispute"; or (iii) "prevent the plaintiff from bringing a timely action in another jurisdiction." Id. Courts should be "hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 284 (2d Cir. 2000).

***Application of Legal Standard***

Plaza Mexico was severed from the instant actions pursuant to Rule 21 of the Federal Rules of Civil Procedure, on October 1, 2010, because Plaza Mexico filed a Chapter 11 bankruptcy petition, after these actions were commenced. (Docket Entry No. 74). The October 1, 2010 order stated that "Plaintiffs have 20 days to amend their complaints, without prejudice to reinstating Plaza Mexico as a named defendant, depending on the outcome of the Bankruptcy Court proceedings." Although the October 1, 2010 order did not specify from what point in time the "20 days" are to be measured, it appears that the only logical point in time would be the date of the final outcome of Plaza Mexico's bankruptcy proceedings. The Bankruptcy Court dismissed Plaza Mexico's petition on March 6, 2013, and the plaintiffs filed the instant motion for leave to amend their complaints on March 18, 2013. Therefore, it would appear that the October 1, 2010 order already authorized the plaintiffs to amend their complaints within 20 days of the dismissal of Plaza Mexico's bankruptcy proceeding on March 6, 2013, and that no need existed for the plaintiffs to make the instant motion.

Notwithstanding the October 1, 2010 somewhat ambiguous authorization to amend the complaints, the Court finds that the plaintiffs' proposed amended complaints are not unduly delayed, since the plaintiffs sought to amend the complaints shortly after Plaza Mexico's bankruptcy petition was dismissed. The proposed amended complaints are not futile, because they allege the same claims on which the plaintiffs obtained summary judgment against different defendants previously. Given that Plaza Mexico was a named defendant when these actions commenced, and that it was severed to avoid delay in the plaintiffs' actions against the remaining defendants, no unfair surprise or prejudice is likely to attend any defendants as a result of the amendments. Therefore, permitting the plaintiffs to amend their complaints, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, is warranted.

***Effect of the Amended Complaints***

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d Cir. 1977). When the complaints are amended, the defendants are entitled to amend their answers. This is particularly true where, as here, the procedural posture is as follows: (a) the plaintiffs obtained partial summary judgment against Piramides, Shaddai and Campos; (b) liability has not been determined for Mama Mexico Midtown, Mama Mexico Englewood and Chavez, the remaining defendants named in the third-amended complaint (case No. 09 Civ. 5076, Docket Entry No. 75) and first-amended complaint (case No. 09 Civ. 9574, Docket Entry No. 31); and (c) default was entered against corporate defendants Piramides, Shaddai, Mama Mexico Midtown, and Mama Mexico Englewood, notwithstanding the fact that Piramides and Shaddai had been found liable on the partial summary judgment motion, prior to the entry of default. While the plaintiffs speculate that "it is unlikely that Plaza Mexico will respond to the Amended Complaints," they

do not contest that Plaza Mexico is entitled to answer the amended complaints, and they do not mention the other defendants, appearing to concede, as they must, that all defendants are entitled to answer the amended complaints.

The plaintiffs do not address the effect of the amended complaints on: (a) the partial summary judgment they obtained against Piramides, Shaddai and Campos, based on the third-amended complaint (case No. 09 Civ. 5076, Docket Entry No. 75) and first-amended complaint (case No. 09 Civ. 9574, Docket Entry No. 31); and (b) the entry of default against the "Corporate Defendants." Although the plaintiffs contend they seek to amend the complaints to reinstate Plaza Mexico as a defendant because that is a "more efficient and less burdensome [way] for Plaintiffs to pursue their claims against Plaza Mexico in this case than it would be for Plaintiffs to file new actions," the contrary is true under the circumstances because the plaintiffs' amended complaints supersede their third-amended complaint (case No. 09 Civ. 5076, Docket Entry No. 75) and first-amended complaint (case No. 09 Civ. 9574, Docket Entry No. 31), rendering them of no legal effect, and, consequently: (i) rendering void the partial summary judgment against three defendants obtained on the superseded complaints; (ii) rendering the entry of default against the corporate defendants obtained on the superseded complaints of no legal consequence with respect to the amended complaints, since the corporate defendants are entitled to answer the amended complaints and, indeed, may choose to do so.

## CONCLUSION

For the foregoing reasons, the Court finds that:

(1) the amended complaints supersede the third-amended complaint (case No. 09 Civ. 5076, Docket Entry No. 75) and the first-amended complaint (case No. 09 Civ. 9574, Docket Entry No. 31); and

  (2)  the February 15, 2012 Memorandum and Opinion and Order (Docket Entry No. 48), granting partial summary judgment to the plaintiffs, based on the superseded complaints, is void.

The plaintiffs' motion to amend the complaints (Docket Entry No. 149) is granted, and the plaintiffs are directed to file and serve the amended complaints on all defendants named in the amended complaints. The Court finds further that, the plaintiffs' motions (i) for judgment by default (Docket Entry No. 143), (ii) to dismiss claims against Laura Chavez (Docket Entry No. 156), and (iii) for an award of damages, attorneys' fees and costs (Docket Entry No. 120), are moot.

Dated: New York, New York
   April 15, 2013

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE